## Backenstoe *v.* Nine, Appellant.

*Appeal—Paper-books—Failure to print exhibit to statement—Policy of insurance.*

An appeal from a judgment in favor of the receiver of an insurance company for an assessment will be quashed, where the appellant fails to print in his paper-book the policy of insurance under which the liability to assessment arose, and which the appellant retained in his possession for over nine years.

Argued Dec. 3, 1902. Appeal, No. 144, Dec. T., 1902, by defendant, from order of C. P. Schuylkill Co., Jan T., 1902, No. 64, making absolute rule for judgment for want of a sufficient affidavit of defense, in case of C. Hershey Backenstoe, Receiver of Susquehanna Mutual Fire Insurance Company, v. Harrison H. Nine. Before BEAVER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Appeal quashed.

Assumpsit on a policy of fire insurance. Before SHAY, J. Motion to quash appeal.

*George M. Roads*, for appellant.

*S. M. Enterline* and *M. H. Moyer*, with them *Samuel J. M. McCarrell* and *William U. Hensel*, for appellee.

PER CURIAM, January 20, 1903:

The court below entered judgment for the plaintiff against the defendant for want of a sufficient affidavit of defense. The grounds upon which this judgment was entered are fully and carefully stated in its opinion.

It is evident from a review of this opinion that the court below carefully considered all the allegations and exhibits contained in the statement and especially the policy of insurance issued to the defendant, under which the liability to assessment arose. The appellant, however, has not printed the policy nor any of the exhibits attached to the statement, except the application for the policy. It is very clear that we cannot review the action of the court, without the submission of at least such portions of the statement or its exhibits as moved the court in its action.

Without determining the question as to whether or not it was necessary to print the entire statement, including all its exhibits as filed, we are all of the opinion that it is essentially necessary to a just and satisfactory disposition of the case that the policy of insurance, issued in pursuance of the application and which the defendant retained in his possession for more than nine years, during which time and presumably upon the faith of which policy many other policies were issued, should have been printed in the appellant's paper-book.

It may not be improper to add that the majority of the court, upon such a view of the case as is presented in the appellant's paper-book, are of the opinion that the judgment was properly entered.

In view of what has been said, however, as to the manner in which the case is presented for our consideration in the appellant's paper-book, the motion of the plaintiff to quash the appeal is allowed.

Appeal quashed.